## UNITED STATES DISTRICT COURT
## SOUTERHN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | |
|---|---|
| JASON NELSON, Individually and on behalf of those similarly situated,<br><br>Plaintiff<br><br>v.<br><br>USIC LOCATING SERVICES, LLC, USIC, LLC, RECONN HOLDINGS, LLC, and PROTEK HOLDINGS, LLC,<br><br>Defendants | Case No.<br><br>Collective Action |

## ORIGINAL COMPLAINT

### SUMMARY

1. USIC Locating Services, LLC, USIC, LLC, Reconn Holdings, LLC, and Protek Holdings, LLC (collectively, "USIC" or "Defendants") did not pay all overtime due to the hourly non-exempt field employees as required by the Fair Labor Standards Act (FLSA).

2. USIC would only allow Jason Nelson (Nelson) to clock in and out when on a job site.

3. USIC failed to pay Nelson and the other utility locators for the time they spent attending required project meetings, traveling to and from job sites, lunch breaks, mapping out their route to complete inspections efficiently, reading and responding to work emails, making calls and working while traveling to and from the first and last job sites, loading and unloading their vehicles, and preparing reports at the end of their shift.

4. USIC did not pay Nelson overtime as required by the FLSA.

5. USIC excluded earnings from the regular rate to calculate overtime compensation, resulting in unpaid overtime compensation owed to Nelson as required by the FLSA.

6. Nelson brings this collective action on behalf of himself and other non-exempt field employees to recover unpaid overtime and other damages.

## JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the facts giving rise to this suit occurred in this District and Division.

9. The Parties agree that venue is proper in this District and Division.

10. Nelson worked for USIC throughout Texas.

## THE PARTIES

11. Nelson was an hourly employee of USIC.

12. Nelson was a Utility Locator.

13. Nelson worked for USIC in Texas.

14. Nelson's consent to be a party plaintiff is attached as **Exhibit A**.

15. Nelson brings this action on behalf of himself and all other similarly situated non-exempt field employees of USIC who were not paid for time worked off the clock or paid all overtime compensation.

16. USIC failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

17. USIC improperly excluded earnings from the regular rate to calculate overtime compensation, resulting in unpaid overtime compensation owed to them.

18. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All non-exempt, field-based employees of USIC employed for at least four consecutive weeks during the last three years in the United States in any state other than Arizona, Colorado, Illinois, Kentucky, Maryland, Massachusetts, Nevada, New Jersey, New Mexico, New York, Ohio, Oregon, Pennsylvania, or Washington. ("Putative Class Members")**

19. USIC Locating Services, LLC is an Indiana corporation that operates throughout the United States. It may be served with process by serving its registered agent Jim Muhl at 9045 N. River Road, Suite 300, Indianapolis, Indiana, 46240.

20. USIC, LLC is a Delaware corporation that has operations in Indiana. It may be served with process by serving its registered agent C T Corporation System at 334 North Senate Avenue, Indianapolis, IN, 46204.

21. Reconn Holdings, LLC is a Delaware corporation that has operations in New York. It may be served with process by serving registered agent C T Corporation System at 28 Liberty Street, New York, NY 10005.

22. Protek Holdings, LLC is a Delaware corporation that has operations in New York. It may be served with process by serving registered agent C T Corporation System at 28 Liberty Street, New York, NY 10005.

## COVERAGE UNDER THE FLSA

23. At all relevant times, each Defendant was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all relevant times, each Defendant was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all relevant times, each Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

26. At all relevant times, each Defendant has had an annual gross volume of sales made or business done of not less than $500,000.

27. At all relevant times, Nelson was engaged in commerce or in the production of goods for commerce.

## THE FACTS

28. USIC Locating Services, LLC is an Indiana corporation.

29. USIC specializes in the locating utility services.

30. Nelson worked for USIC throughout Texas, Colorado, Wyoming, Arizona, and Florida.

31. Nelson was an hourly employee of USIC.

32. Nelson worked for USIC from August 2019 until May 2020.

33. Nelson earned around $15 per hour while working for USIC.

34. Nelson worked as a Utility Locator.

35. Nelson would locate underground network, gas, electrical and cable lines.

36. Nelson regularly worked 60 hours a week.

37. Nelson's job duties were routine and governed by USIC's policies and procedures.

38. Nelson and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

39. Nelson and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of USIC's employees.

40. USIC did not pay Nelson and the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

41. Nelson's and the Putative Class Members' primary job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

42. Indeed, Nelson's and the Putative Class Members' job duties were formulaic and not highly specialized.

43. Very little skill or initiative was required of Nelson and the Putative Class Members to perform their job duties.

44. Moreover, the job functions of Nelson and the Putative Class Members were primarily manual labor/technical in nature, not requiring a college education or other advanced degree.

45. Nelson and the Putative Class Members did not have any supervisory or management duties.

46. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar off the clock policies and procedures which dictate the day-to-day activities performed by each person.

47. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal off the clock pay practice.

48. Nelson's job duties made him non-exempt from the FLSA's overtime requirements.

49. The Putative Class Members performed similar field utility locating services.

50. The Putative Class Members job duties made them non-exempt from the FLSA's overtime requirements.

51. The pay practice which Nelson and the Putative Class Members were subjected to made them non-exempt under the FLSA's overtime requirements.

52. USIC failed to include all earnings in the regular rate for purposes of calculating overtime compensation, resulting in unpaid overtime compensation owed to Nelson and Putative Class Members.

53. While USIC paid Nelson at a time and a half rate for hours worked over 40 in a workweek, it failed to compensate Nelson for all hours they worked.

54. USIC required Nelson and the Putative Class Members to clock in and out only when on a job site, even though they spent considerable time performing essential job duties away from the job site or "off the clock."

55. For example, USIC would not pay Nelson for required project meetings.

56. USIC would not pay Nelson and the Putative Class Members for their time traveling to the first job site and after the last job site even though they were making work calls, planning routes, and using company computers.

57. USIC required Nelson and the Putative Class Members to clock out for lunch breaks even though they would often work through lunch.

58. USIC would not pay Nelson and the Putative Class Members in the morning when they would map out their daily route to complete USIC's required inspections efficiently and in order.

59. USIC would not pay Nelson and the Putative Class Members in the morning and evening when they would load and unload their company vehicles.

60. Thus, rather than receiving time and a half as required by the FLSA, Nelson did not receive compensation for all hours worked off the clock, including those over 40 in a workweek.

61. The failure to compensate Nelson, who was non-exempt, overtime compensation violates the FLSA.

62. As an employer USIC is required to know about the FLSA, and its overtime requirements.

63. USIC did not review GPS data to determine if its Utility Locators or non-exempt field employees were required to work off the clock.

64. USIC did perform any time studies or audits to determine if its Utility Locators or non-exempt field employees were required to work off the clock.

65. USIC has been sued for this off the clock pay practice in the past.

66. USIC nonetheless failed to pay Nelson and the Putative Class Members overtime.

67. USIC's failure to pay for all time, including overtime, to Nelson was not made in good faith.

68. USIC's failure to pay for all time, including overtime, to Nelson was a willful violation of the FLSA.

### CAUSE OF ACTION – VIOLATION OF THE FLSA

69. Nelson incorporates the preceding paragraphs by reference.

70. By failing to pay Nelson for all hours worked, USIC violated the FLSA's overtime provisions.

71. USIC owes Nelson and the Putative Class Members' overtime pay for all hours worked, including those which were worked off the clock.

72. Nelson and the Putative Class Members off the clock hours were worked in furtherance of USIC's business.

73. USIC failed to pay Nelson and the Putative Class Members for the time they spent attending required project meetings, traveling to the first job site and home from the last job site, during interrupted lunch breaks, mapping out their route to complete inspections efficiently, reading and responding to work emails, making calls and working while traveling to the first job site and home from the last job site, loading and unloading their vehicles and preparing reports at the end of their shift.

74. USIC violated the FLSA by failing to include all earnings in the regular rate for purposes of calculating overtime compensation, resulting in unpaid overtime compensation.

75. USIC knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Nelson and the Putative Class Members overtime.

76. USIC's failure to pay overtime to Nelson and the Putative Class Members was not reasonable, nor was the decision not to pay overtime made in good faith.

77. Accordingly, Nelson and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

78. Nelson incorporates all previous paragraphs and alleges that the illegal pay practices USIC imposed on Nelson was likewise imposed on the Putative Class Members.

79. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

80. Numerous other individuals who worked with Nelson indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by the FLSA.

81. Based on his experiences and tenure with USIC, Nelson was aware that USIC's illegal off the clock pay practices were imposed on the Putative Class Members.

82. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

83. USIC's failure to pay wages and overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

84. Nelson's experiences are therefore typical of the experiences of the Putative Class Members.

85. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

86. Nelson has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Nelson has an interest in obtaining the unpaid overtime wages owed to them under the FLSA.

87. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

88. Absent this collective action, many Putative Class Members likely will not obtain redress of their injuries and USIC will reap the unjust benefits of violating the FLSA.

89. Furthermore, even if some of the Putative Class Members could afford individual litigation against USIC, it would be unduly burdensome to the judicial system.

90. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the Putative Class and provide for judicial consistency.

91. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether USIC employed Nelson and the Putative Class Members within the meaning of the FLSA;

  b. Whether Nelson and the Putative Class Members worked off the clock because of USIC's corporate policies;

  c. Whether USIC excluded earnings from overtime payment calculations of Nelson and the Putative Class Members;

  d. Whether USIC's decision to not pay time and a half for overtime for all hours worked by Nelson and the Putative Class Members was made in good faith;

  e. Whether USIC's violation of the FLSA was willful; and

  f. Whether USIC's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

92. Nelson's claims are typical of the claims of the Putative Class Members. Nelson and the Putative Class Members sustained damages arising out of USIC's illegal and uniform compensation policies.

93. Nelson knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

94. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## RELIEF SOUGHT

WHEREFORE, Nelson prays for judgment against USIC as follows:

a. An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order pursuant to Section 16(b) of the FLSA finding USIC liable for unpaid back wages due to Nelson and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

d. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

By: /s/ Andrew W. Dunlap
**Michael A. Josephson**
Fed. ID No. 27157
State Bar No. 24014780
**Andrew W. Dunlap**
Fed. ID No. 1093163
State Bar No. 24078444
**Richard M. Schreiber**
Fed. ID No. 705430
State Bar No. 24056278
**JOSEPHSON DUNLAP, LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
Fax: (713) 352-3300
adunlap@mybackwages.com
mjosephson@mybackwages.com
rschreiber@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Fed. Id. 21615
State Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
Fax: (713) 877-8065
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**